# In the United States Court of Federal Claims

|   |   |
|---|---|
| ADDISA JAHRUSALEM FRANCIS, a/k/a JACQUELINE DENNIS, and HENRY FRANCIS,<br><br>                Plaintiffs,<br><br>                v.<br><br>THE UNITED STATES,<br><br>                Defendant. | No. 24-cv-49<br><br>Filed: April 8, 2024 |

*Addisa Jahrusalem Francis* and *Henry Francis*, Tampa, Florida, Plaintiffs, appearing *pro se*.

*An Hoang*, United States Department of Justice, Civil Division, Washington, D.C., appearing for Defendant.

**MEMORANDUM AND ORDER**

      On January 11, 2024, Plaintiffs Addisa Jahrusalem Francis a/k/a Jacqueline Dennis and Henry Francis,[1] proceeding *pro se*, filed suit against the United States asserting that the actions of

---

[1] Initially, this case was erroneously captioned to identify just one plaintiff, Ms. Francis, before this Court issued an Order, dated April 2, 2024, directing the Clerk of Court to accurately reflect all Plaintiffs listed in the Complaint's case caption. ECF No. 13.  The Court notes, however, that Plaintiffs themselves are inconsistent in how they characterize the number of plaintiffs in this matter.  Namely, in Plaintiffs' Response to Defendant's Motion to Dismiss, Plaintiffs' handwritten case caption references Mr. Charles Dennis as a plaintiff.  *See* Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 11) (Resp.) at 1.  While the Complaint identifies Mr. Francis as Ms. Francis' husband, there is no indication in any of Plaintiffs' filings as to the nature of their relationship with Mr. Dennis.  *See, e.g.*, Complaint (ECF No. 1) (Compl.) at 4, 12.  In light of the ambiguity, as well as Plaintiffs' own exclusion of Mr. Dennis from their case caption in the Complaint and Application to Proceed in Forma Pauperis, the Court declines to *sua sponte* amend the Complaint to include Mr. Dennis as a party to this action based on mere reference to him in briefing.  *See id.* at 1; Application to Proceed In Forma Pauperis (ECF No. 8) at 1; *see also* Rule 83.1(a)(3); *Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012); *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party 'generally must assert his own legal rights and interest, and

1

the United States have caused them "31 years [of] wrongful convictions." Compl. at 3.[2] According to Plaintiffs, the United States has furthered "Hate Crime violations, RICO [A]ct violations, Civil Rights [A]ct violations, [and] Americans with Disabilities [A]ct violations." *Id.* Plaintiffs also allege due process and equal protection violations, libel, defamation, and wrongful conviction. *Id.* at 3, 4; Resp. at 2. Defendant moves to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6). *See generally* Defendant's Motion to Dismiss the Complaint (ECF No. 10) (Def. Mot.). For the reasons discussed below, Defendant's Motion is **GRANTED.**

## BACKGROUND

Plaintiffs claim that the United States has "illegally engage[d] the Courts with reasonings in order to combat, dismiss or hinder Plaintiffs['] restoration of liberty." Compl. at 3. Plaintiffs' claims are not new, however, as Ms. Francis is a frequent litigant in this Court and in other federal courts. *See Francis v. United States*, No. 2023-2142, 2023 WL 6936905, at *1 (Fed. Cir. Oct. 20, 2023) (affirming dismissal where Plaintiff made "no cognizable argument why the Court of Federal Claims erred in granting her motion to voluntarily dismiss"); *Francis v. United States*, No. 2022-1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (affirming dismissal of Plaintiff's claims for lack of jurisdiction); *Francis v. United States*, 155 Fed. Cl. 78, 80, 83 (2021) (dismissing Plaintiff's "request that this court overturn her criminal conviction and grant her monetary compensation for what she alleges was a wrongful conviction"); *see also Dennis v. Van Buren*, 187 F. App'x 416 (5th Cir. 2006); *United States v. Dennis*, 189 F.3d 466 (5th Cir. 1999); *United*

---

cannot rest his claim to relief on the legal rights or interests of third parties."); *Saladino v. United States*, 63 Fed. Cl. 754, 758 (2005) (explaining that a *pro se* plaintiff does not have standing to assert claims of nonparties in this Court).

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

2

*States v. Francis*, 131 F.3d 1452 (11th Cir. 1997).  Plaintiffs' claims are based on their previous convictions "for [their] participation in a conspiracy to kill a federal official and for [their] use of interstate commerce facilities in the commission of a murder for hire."  *Francis*, 155 Fed. Cl. at 80 (quoting *Dennis*, 189 F.3d at 466); *Francis*, 131 F.3d at 1454–55.  Now, Plaintiffs renew their arguments and assert that another judge of this Court failed to have their claims "enforced/executed."  Compl. at 2.

In 2020, Ms. Francis initially filed an action in this Court, asserting improper "criminal proceedings conducted by a federal district court," wrongful conviction, violations under the RICO Act and Americans with Disabilities Act (ADA), hate crimes and civil rights violations, and equal protection violations.  *Francis*, 155 Fed. Cl. at 82–83.  The case was assigned to another judge of this Court who dismissed those claims for lack of jurisdiction.  *Id.* at 83 ("There is no jurisdiction in this court for the claims stated by Ms. Francis in her complaint.").  Subsequently, the United States Court of Appeals for the Federal Circuit affirmed the dismissal.  *Francis*, 2022 WL 1655689, at *1 ("We conclude that Ms. Francis fails to show any arguable basis that the Court of Federal Claims erred in dismissing her complaint.").

Ms. Francis, along with her husband Mr. Francis, filed another action in this Court "seeking the same relief" as requested in her previous suit.  *See Francis*, 2023 WL 6936905, at *1; *see also* Compl. at 2.  However, that action was dismissed after Plaintiffs moved for voluntarily dismissal under Rule 41.  *Francis*, 2023 WL 6936905, at *1; *see also* Compl. at 2.  Nonetheless, Plaintiffs appealed the dismissal of that action, and the Federal Circuit affirmed the dismissal.  *Francis*, 2023 WL 6936905, at *1.

The present action involves the same claims as asserted in Plaintiffs' previous two cases. *See* Compl. at 2–4.  Plaintiffs contend that the United States "illegally engage[d] the Courts" to

3

deny their liberty and "deprived [them] of the rights to seek the pursuit of happiness." *Id.* at 3–4. Plaintiffs assert "Hate Crime violations, RICO [A]ct violations, Civil Rights [A]ct violations, [and] Americans with Disabilities [A]ct violations." *Id.* at 3, 4; *see also* Resp. at 2. According to Plaintiffs, their "constitutional rights are broken in spite of the 14th Amendment" and the United States "hold[s] the power as well as the monopoly over Plaintiffs['] lives and liberty." Compl. at 4. Plaintiffs also bring a claim for "Wrongful Convictions with Incarcerations" arguing that they were illegally incarcerated for over 30 years. *Id.* at 3–4.

Plaintiffs' Complaint reiterates that Plaintiffs "hold 4 Waivers of Souverign [sic] Immunity, Several Judgements [sic], Adjudication of 'good cause' merits of Plaintiffs['] case, as well as 2 Mandates." *Id.* at 3. Plaintiffs contend that the United States "has failed to display 'good faith' in light of the 4 express written waivers; 2 formal mandates issued and Judgement [sic] on the merits of this case." Resp. at 2; *see also* Compl. at 4 (contending that the United States "never acknowledged to the Courts of their implied and express written waivers of prosecution nor the requirements for settling Plaintiffs['] claims as well as implementing remedies for the Respondents/government's damages"); *id.* ("[T]he Courts continue to hand Plaintiffs waivers of soverign [sic] immunity both implied and express written; mandates and judgements [sic] which have amounted to nothing so far.").

Though Plaintiffs acknowledge that their previous claims were dismissed, they assert that the Court "never caused the claims of [Plaintiffs] to become enforced/executed." Compl. at 2. Instead, Plaintiffs contend "that the litigation in this case must agree with the formal mandate issued." Resp. at 2. Now, Plaintiffs ask "for restoration of liberty and damages in excess of $100,000.00" and demand "enforcement/execution of the mandate, compliant with the now construed Judgement [sic] of this Court of Federal Claims since the Federal Circuit of Appeals

Court's Disposition Summarily Affirmance Mandate 'agrees' with the Judgement [sic] set forth in action by this Court." Compl. at 1, 4.

On February 28, 2024, Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Def. Mot. at 1. Defendant argues that this Court lacks jurisdiction over Plaintiffs' claims, and that Plaintiffs fail to identify a money-mandating statute. *Id.* at 3–4. Further, Defendant contends that Plaintiffs have failed to meet the requirements to establish a wrongful conviction claim. *Id.* at 4–5. On March 14, 2024, Plaintiffs filed a Response, repeating their claims and asserting that the United States continues "to publicize defamation/libel statements against Plaintiffs." Resp. at 2. On March 21, 2024, Defendant filed its Reply, asserting that "neither the Federal Circuit's mandates, nor this Court's prior judgments, legitimize [Plaintiffs'] claims, serve as a waiver of immunity, or preclude the United States from defending itself." Defendant's Reply in Support of its Motion to Dismiss the Complaint (ECF No. 12) (Def. Reply) at 2.

## **APPLICABLE LEGAL STANDARD**

As the primary source of jurisdiction for the United States Court of Federal Claims, the Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create any enforceable right against the United States on its own. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). To establish a right under the Tucker Act that falls within this Court's limited jurisdiction, a plaintiff must identify a "money-mandating" source under federal

5

law.  *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021).  More precisely, a plaintiff "must demonstrate that the source of substantive law [s]he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'"  *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).  Accordingly, this Court's limited subject matter jurisdiction does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *Id.* at 216.

Moreover, this Court lacks jurisdiction over claims against private parties or individual government employees.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (affirming that the United States Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").  Thus, while the Court has jurisdiction over monetary claims against the United States, it lacks jurisdiction over claims against specific federal employees.

This Court is required to dismiss claims outside its limited subject matter jurisdiction.  *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint and construes them in the light most favorable to the plaintiff."  *Estes Express Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the facts asserted in support of a claim do not entitle the plaintiff to a legal remedy.  *See Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff also must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* litigant because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  That said, *pro se* plaintiffs must still prove this Court's jurisdiction by a preponderance of the evidence.  *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  While this Court allows ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

### I. This Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims

Even affording Plaintiffs the most liberal construction of their claims, this Court nevertheless lacks subject matter jurisdiction over such claims.  Plaintiffs fail to establish subject matter jurisdiction through their claims for "Hate Crime violations, RICO [A]ct violations, Civil Rights [A]ct violations, [and] Americans with Disabilities [A]ct violations", due process and equal protection violations, libel, defamation, and wrongful conviction.  Compl. at 3, 4; Resp. at 2.

*First*, it is well-established that this Court lacks jurisdiction over allegations of hate crime violations regardless of whether those claims arise under the civil or criminal code. *See Lumbef v. United States*, No. 99-5147, 1999 WL 1206975, at *1 (Fed. Cir. Nov. 24, 1999) (affirming dismissal for lack of jurisdiction where one of plaintiff's asserted claims was that he was a "victim of hate crime"); *Francis*, 155 Fed. Cl. at 83 ("Nor is this court the proper forum to address hate crimes or civil rights violations."); *Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017) (quoting *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)) (dismissing hate crime claims because this Court cannot adjudicate actions under the federal criminal code); *Moore v. United States*, 94 Fed. Cl. 456, 463 (2010), *aff'd*, 419 F. App'x 1001 (Fed. Cir. 2011).

*Second*, claims for RICO Act violations are exclusively under the purview of the district courts, and therefore, fall outside this Court's limited jurisdiction. *Burmaster v. United States*, 744 F. App'x 699, 702 n.1 (Fed. Cir. 2018) ("We agree with the Claims Court's finding that it lacks jurisdiction over RICO claims."); *Julian v. United States*, 658 F. App'x 1014, 1016–17 (Fed. Cir. 2016) ("Moreover, to the extent that Plaintiffs now argue that the RICO Act is, itself, a money-mandating statute conferring jurisdiction on the Court of Federal Claims, we hold that it is not."); *Johnson v. United States*, No. 22-274, 2023 WL 5543735, at *4 (Fed. Cl. Aug. 28, 2023) (dismissing plaintiff's RICO Act claim for lack of jurisdiction); *Francis*, 155 Fed. Cl. at 83; *Stanwyck v. United States*, 127 Fed. Cl. 308, 315 (2016) (holding that the RICO Act "provides for a civil action within the exclusive federal jurisdiction of U.S. district courts, and not this court"). Therefore, these claims must be dismissed.

*Third,* this Court also lacks jurisdiction to consider claims alleging civil rights violations. *See, e.g.*, *Banks v. United States*, No. 2023-1797, 2023 WL 8641381, at *1 (Fed. Cir. Dec. 14, 2023) ("The Court of Federal Claims was also clearly correct that it lacked jurisdiction to the extent

that [Plaintiff] was asserting a federal civil rights violation as this claim is out-side of its jurisdiction and cannot fairly be read to be based on a money-mandating obligation on the United States enforceable under the Tucker Act."); *Lewis v. United States*, 147 Fed. Cl. 189, 192 (2020) ("This court does not have jurisdiction to hear claims under the Civil Rights Act."); *Dukes v. United States*, No. 23-908, 2023 WL 8785112, at *4 (Fed. Cl. Dec. 19, 2023) (collecting cases).

*Fourth*, claims under the ADA do not vest jurisdiction in this Court because the ADA is not a money-mandating statute. *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (affirming dismissal for lack of jurisdiction because "the ADA is not a money-mandating source of law"); *Francis*, 155 Fed. Cl. at 83 ("ADA claims cannot be heard by this court."); *Hills v. United States*, 162 Fed. Cl. 750, 754 (2022) ("The Court lacks jurisdiction over ADA claims because the ADA is not a money-mandating source of law, and district courts have exclusive jurisdiction over ADA claims."); *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009). As this Court lacks jurisdiction to hear these claims, they must be dismissed.

Further, Plaintiffs' due process and equal protection claims fail for the same reason. Plaintiffs allege that the United States has denied their liberty such that their "constitutional rights are broken in spite of the 14th Amendment." Compl. at 4 ("Plaintiffs . . . are deprived of the rights to seek the pursuit of happiness allowed by the Constitution, Statutes and Laws inside the United States of America."). The Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating and therefore, do not confer jurisdiction upon this Court. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [Plaintiff's] due process or seizure claims under the Fifth Amendment to the United States Constitution."); *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding the

Court of Federal Claims lacks jurisdiction over due process or equal protection claims as "[t]hese claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those…constitutional provisions mandate the payment of money"); *Whittington v. United States*, 166 Fed. Cl. 532, 542 (2023) ("[T]he United States Court of Federal Claims does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution."). Likewise, the Equal Protection Clause does "not trigger Tucker Act jurisdiction in the courts." *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988); *LeBlanc*, 50 F.3d at 1028 (holding the Equal Protection Clause is not "a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government"); *McCormick v. United States*, No. 2023-2314, 2024 WL 1005563, at *3 (Fed. Cir. Mar. 8, 2024) (same). Therefore, Plaintiffs' constitutional claims must be dismissed for lack of jurisdiction.

This Court also lacks jurisdiction over Plaintiffs' libel and defamation claims. As an initial matter, though not in their Complaint, Plaintiffs argue in their Response that the United States continues "to publicize defamation/libel statements against Plaintiffs." Resp. at 2. It is well-established, however, in this Court that claims raised for the first time in a subsequent filing are deemed waived and are not considered part of the Complaint. *Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint."); *Casa De Cambio Comdiv S.A. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002); *see Stephens v. United States*, 165 Fed. Cl. 341, 351 (2023) (dismissing claims raised for the first time in plaintiff's response); *see also Novosteel SA v. United States*, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002) (finding party had waived the issue by initially raising it in reply brief). As such, Plaintiffs' claims for libel and defamation are waived as they were not raised in the Complaint. Despite the waiver,

even if this Court were to consider such claims, allegations of defamation and libel sound in tort and, therefore, are beyond the scope of this Court's jurisdiction. *Brooks v. United States*, 825 F. App'x 745, 749–50 (Fed. Cir. 2020) (citing *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993)) ("Because defamation, libel, and slander are claims that sound in tort law, the [Court of Federal Claims] does not have jurisdiction over such claims."); *Matthews v. United States*, 72 Fed. Cl. 274, 280 (2006) ("Defamation, libel, and slander are tort claims traditionally governed by state law."). Accordingly, even assuming *arguendo* these claims are not waived, Plaintiffs' libel and defamation claims nevertheless cannot be considered because they fall outside this Court's jurisdiction.

Finally, Plaintiffs have not satisfied the requisite standard to invoke this Court's jurisdiction over wrongful conviction claims. Plaintiffs assert that the United States has continued to commit "Wrongful Convictions with Incarcerations Violations" and owes damages for their "31 years [of] wrongful criminal convictions." Compl. at 3–4. Though this Court cannot overturn convictions, it may "hear a claim for money damages for unjust imprisonment only after a court has reversed a plaintiff's conviction on the grounds of innocence or if the President of the United States has pardoned the plaintiff." *Phang v. United States*, 87 Fed. Cl. 321, 330 (2009); *see* 28 U.S.C. § 2513; 28 U.S.C. § 1495. As such, this Court has refused to adjudicate wrongful convictions claims when the requirements of 28 U.S.C. § 2513 are not met.[3] *Francis*, 2022 WL

---

[3] The Court of Federal Claims has also dismissed wrongful conviction claims for failure to state a claim under Rule 12(b)(6). *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017) (dismissing plaintiff's wrongful conviction claim under Rule 12(b)(6)); *Winters v. United States*, 140 Fed. Cl. 585, 589 (2018). *But see Miller v. United States*, No. 2023-1872, 2023 WL 8794622, at *1 (Fed. Cir. Dec. 20, 2023) (noting that "[t]he Court of Federal Claims was clearly correct to dismiss [Plaintiff's] claim for unjust conviction"); *Miller v. United Sates*, No. 23-525, 2023 WL 3093566, at *2 (Fed. Cl. Apr. 26, 2023) (dismissing plaintiff's claim of wrongful conviction for lack of subject matter jurisdiction); *Jackson v. United States*, 162 Fed. Cl. 282, 297–98 (2022) ("*Grayson's* conclusion that failure to comply with section 2513 deprives this Court of subject

11

1655689, at *1 ("[Plaintiff] could not invoke the [Court of Federal Claims'] jurisdiction to award money damages for wrongful convictions under 28 U.S.C. § 1495 without having alleged that her conviction had been reversed or that she had been pardoned."); *Abu-Shawish v. United States*, 120 Fed. Cl. 812, 814 (2015) (noting "the requirement that [Plaintiff] must first obtain a certificate of innocence before this court has jurisdiction over his wrongful conviction claim."); *Brewer v. United States*, No. 20-1209, 2021 WL 655432, at *3 (Fed. Cl. Feb. 19, 2021) ("[T]he plaintiff must have a certificate of innocence for this Court to have jurisdiction over his wrongful conviction claim under section 1495."); *see Kenyon v. United States*, 683 F. App'x 945, 948–49 (Fed. Cir. 2017) (holding "the Claims Court properly concluded that it lacked jurisdiction over [Plaintiff's] wrongful imprisonment claims" when plaintiff failed to meet the requirements under section 2513). Here, Plaintiffs do not provide any evidence to demonstrate that their convictions have been reversed or that they have been pardoned; their Complaint is also void of any such contention. *See* 28 U.S.C. § 2513 ("Proof of the requisite facts shall be a certificate of the court or pardon . . . ."); *Taylor v. United States*, 168 Fed. Cl. 696, 703 (2023) ("The failure to furnish a certificate of innocence divests this Court of subject matter jurisdiction."); *Abu-Shawish*, 120 Fed. Cl. at 814 (requiring a certificate of innocence to establish jurisdiction). Without this showing, this Court lacks jurisdiction over Plaintiffs' wrongful conviction claims. *See* 28 U.S.C. § 2513; 28 U.S.C. § 1495.

---

matter jurisdiction is therefore binding precedent this Court is obliged to follow."); *Brown v. United States*, No. 22-418C, 2022 WL 2817532, at *4 (Fed. Cl. July 19, 2022) (concluding that "*Grayson's* clear holding" is binding but dismissing under 12(b)(6) in the alternative); *Francis*, 155 Fed. Cl. at 82 n.4 (same). Plaintiffs' claim fails regardless of the applied standard because they have not provided a certificate of innocence or alleged other facts to support the claim. *See Bobka*, 133 Fed. Cl. at 410 (dismissing under Rule 12(b)(6) because plaintiff had not "alleged or established that he obtained a certificate or explicit finding of innocence or that he received a pardon in accord with Section 2513").

## II. Plaintiffs Fail to State a Claim for Which Relief Can be Granted

Plaintiffs fail to state a claim for which relief can be granted for their remaining allegations. Plaintiffs have not established that the United States waived its sovereign immunity. *First,* Plaintiffs assert that they "hold 4 waivers of souverign [sic] immunity." Compl. at 3; *see* Resp. at 2. Plaintiffs' argument seems to suggest that the United States waived sovereign immunity by engaging in litigation with Plaintiffs. *See* Compl. at 3 (asserting that the United States has "filed 4 expressed written waivers of souverign [sic] immunity"); *id.* at 4 (contending that the United States "never acknowledged to the Courts of their implied and express written waivers of prosecution nor the requirements for settling Plaintiffs['] claims"). Unless a waiver of sovereign immunity is "unequivocally expressed," courts will "infer that Congress did not intend to create a waiver." *Marathon Oil Co. v. United States*, 374 F.3d 1123, 1127 (Fed. Cir. 2004) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *Chattler v. United States*, 632 F.3d 1324, 1330 (Fed. Cir. 2011) (quoting *Testan*, 424 U.S. at 399) ("A waiver 'cannot be implied but must be unequivocally expressed.'"). The Tucker Act waives sovereign immunity for claims against the United States "based upon an express or implied contract, or a money-mandating constitutional provision, statute, or regulation." *Bishop v. United States*, 166 Fed. Cl. 742, 744 (2023) (citing 28 § U.S.C. 1491(a)). A government attorney, however, does not waive sovereign immunity by defending claims in this Court. *See United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947) ("[O]fficers of the United States possess no power through their actions to waive an immunity of the United States . . . ."); *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 786 n.4 (1991) ("The fact that Congress grants *jurisdiction* to hear a claim does not suffice to show Congress has abrogated all *defenses* to that claim."); *Admiral Fin. Corp. v. United States*, 51 Fed. Cl. 366, 368–69 (2002), *aff'd*, 329 F.3d 1372 (Fed. Cir. 2003) (holding that the Department of

Justice "lacks the power to alter the Congressional definition of the waiver of sovereign immunity"). Instead, to demonstrate a waiver of sovereign immunity, Plaintiffs must point to an express act of Congress or "some source of substantive law that mandates payment of money damages by the Federal Government." *Ponds v. United States*, No. 93-5108, 1994 WL 108054, at *4 (Fed. Cir. Mar. 29, 1994) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). Bald assertions that the United States waived sovereign immunity are insufficient to withstand a 12(b)(6) motion and fail to establish a claim for which relief can be granted; therefore, such claims must be dismissed.

*Second,* in addition to the waivers of sovereign immunity, Plaintiffs also contend that they possess "Several Judgements [sic], Adjudication of 'good cause' merits of Plaintiff[']s case, as well as 2 Mandates" that have not been properly enforced. Compl. at 3. They cite their previous Court of Federal Claims' suits in support of this proposition and assert that this Court "never caused the claims of Petitioners to become enforced/executed." *Id.* at 2; Resp. at 2 ("[T]he litigation in this case must agree with the formal mandate issued."). Plaintiffs assert that the United States "lack[s] 'good faith' legal procedures concerning enforcement/execution of the judgement [sic], mandates and waivers/contract law on appeal." Compl. at 4; *see* Resp. at 2. Contrary to Plaintiffs' contention, however, there are no mandates for this Court to enforce because Plaintiffs' claims consistently have been dismissed, and those dismissals have been affirmed. *See Francis*, 2022 WL 1655689 (dismissing appeal because it could not be taken in good faith); *Francis*, 155 Fed. Cl. at 83 (dismissing for lack of jurisdiction); *Francis*, 2023 WL 6936905, at *1 (summarily affirming the Court of Federal Claims' decision and denying Plaintiff's request for a writ of prohibition). The Federal Circuit's orders, which affirmed the dismissal of Plaintiffs' previous suits, are not—and cannot be construed as—judgments in favor of Plaintiffs. *Francis*, 2022 WL

1655689; *Francis*, 2023 WL 6936905.  Plaintiffs, therefore, fail to demonstrate how the Court of Federal Claims prevented the enforcement of its prior decisions.  Further, Plaintiffs provide no factual support for their bald assertions that the United States violated this Court's legal procedures.  These "naked assertions," with nothing more, cannot create a cause of action for which relief can be granted.  *Twombly*, 550 U.S. at 555, 557; *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").  As such, these allegations must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 10) pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3).  Plaintiffs' Complaint is dismissed without leave to replead.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

Dated: April 8, 2024
Washington, D.C.